Zimmerman, J.
We are not now concerned with either the accused’s political philosophy or whether he violated Section 12845, General Code. The sole question for our determination is whether in the circumstances disclosed by this case the Court of Appeals was correct in holding that the trial court violated *265 tlie Fourteenth Amendment to the Constitution of the United States relating to due process when it ordered the accused committed to the Lima State Hospital for observation for a period not exceeding one month.
Such commitment was purportedly ordered under authority of the sections of the General Code quoted below.
Section 13441-1, General Code, recites:
“If the attorney for a person accused of crime pending in the Court of Common Pleas, whether before or after trial suggests to the court that such person is not then sane, and a certificate of a reputable physician to that effect is presented to the court, or if the grand jury represents to the court that any such person is not then sane or if it othertvise comes to the notice of the court that such person is not then sane, the court shall proceed to examine into the question of the sanity or insanity of said person, or in its discretion may impanel a jury for such purpose. * * *” (Italics supplied.)
Section 13441-4, General Code, provides in part as follows:
“In any case in which insanity is set up as a defense, or in which present insanity of the accused is under investigation by the court or jury, the court shall have power to commit the defendant to a local insane hospital, or the Lima State Hospital, where the defendant shall remain under observation for such time as the court may direct not exceeding one month
It is axiomatic that a legislative act passed by the General Assembly is presumed to be within the constitutional power of that body, and that if possible it will he so construed.
In our opinion the above-quoted sections of the General Code are valid and enforceable. However, Section 13441-1, General Code, enjoins the court “to examine into the question of the sanity or insanity” *266 of the accused and Section 13441-4, General Code, contemplates a situation where the “present insanity of the accused is under investigation by the court or jury.” In the instant case the court proceeded summarily and there were no examination and no investigation as required.
The sending of a person to an institution for the criminal insane, even for a short time, is a serious matter and his confinement there is as full and effective a deprivation of personal liberty as is his confinement in jail.
It appears from the record in the instant case that the accused was ordered taken to the Lima State Hospital for observation for a period not exceeding one month, against his vigorous protest and where he had pleaded not guilty to an indictment charging him with a misdemeanor punishable only by fine. Such confinement was made (1) on the unsworn statement of the prosecuting attorney of Franklin county as to his belief, based on hearsay, that the accused is not sane, (2) without any semblance of a formal hearing as to the accused’s mental condition, and (3) without the presentation of any sworn evidence tending to prove insanity.
That procedure was not such as is contemplated and required by the statutes quoted and operated to deprive the accused of the due process of law guaranteed by Section 16, Article I of the Ohio Constitution, and the Fourteenth Amendment to the federal Constitution.
The judgment of the Court of Appeals should be and is hereby affirmed.

Judgment affirmed.

Middleton, Taft, Matthias and Stewart, JJ., concur.